HARDY, Judge.
This is a suit in which plaintiff seeks to recover the sum of $275 representing property damage to his automobile allegedly resulting from negligence of defendant as hereinafter set forth. After trial there was judgment in favor of defendant rejecting plaintiff’s demands, from which this appeal is prosecuted.
The material facts as established by the record are almost entirely undisputed. At or about 7:30 A. M. on March 13, 1950 plaintiff’s sister, with his knowledge and consent, was driving his 1946 Ford automobile west on the Greenwood Road (U. S. Highway 80) in Caddo Parish, Louisiana, at a point on the highway adjacent to premises of the defendant, R. M. Wright, when a horse, owned by the said defendant, suddenly ran from the enclosure of the premises and out upon the highway *560 where the animal collided with plaintiff’s automobile, causing the damage for which recovery is sought. It is established that upon leaving his home early on the morning of the date set forth defendant had left the horse tethered by a grass rope approximately one-half inch in diameter and some 25 or 30 feet in length. Immediately before the accident a strange dog entered upon defendant’s premises and by his action in barking and snapping at the tethered horse so frightened the animal as to cause it, in a. frenzy of fear, either- to break or pull loose from the rope with which it was tied. The horse, after freeing himself from the rope, engaged in a flight about the premises, chased by the dog. Plaintiff’s property along the highway is shown to have been enclosed by a barbed wire fence approximately four and one-half feet in height, the only opening in which appears to have been by way of a cattle gap approximately five feet in width, situated on the road leading from plaintiff’s home to the highway, which was some 12 to 15 feet distant from the gap. Defendant’s fifteen-year old son, attracted by the disturbance, had run from the house and made a vain attempt to intercept the horse before it reached the cattle gap. In the attempt to escape from the dog the frightened horse jumped the cattle gap, entered upon the highway and immediately collided with plaintiff’s automobile.
Plaintiff claims the right to recovery in the instant case under that provision of Article 2321 of the LSA-Civil Code which asserts that the owner of an animal is answerable for the damage he has caused. Counsel for plaintiff contends that the cattle-guard was an inadequate and imperfect protection, which fact establishes the negligence of defendant and renders him liable in damages.
We do not think there is any ground for dispute as to the law applicable, since the rule which has long been established and accepted fixes liability upon the ownér for damages caused by an animal in the event of the establishment of even the slightest negligence on the part of the said owner. This court had occasion to review the jurisprudence on this point in Willis v. Schuster, La.App., 28 So.2d 518, 521, and in the course of our opinion we observed :
“It is therefore to be seen that the provisions of Roman Law, the holdings of French Courts, as commented upon by Laurent, and the jurisprudence of the Courts of Louisiana are in accord upon certain general principles to the effect that the owner of an animal is liable for damages caused by the animal upon even a slight showing of negligence on the part of the owner.”
There being no dispute upon the law, it is evident that this case must be resolved by a determination of the facts ■established, in the light of the legal principle enunciated. In the instant case we are convinced that there has been no showing of negligence even in a slight degree on the part of defendant.. This finding might be considerably less conclusive in effect if we relied solely upon the efficacy of the barbed wire fence and the cattle gap as obstacles to the egress of livestock. Such a holding is unnecessary in consideration of the fact that the animal in question is shown to have been efficiently and apparently securely tethered. In our ' opinion this action by defendant is all that could be reasonably required in the fulfillment of the obligation of ordinary prudence and care which rested upon the owner of the animal. To require owners of stock to foresee intervening circumstances, in this instance the entry upon the scene, of a strange dog and the resulting action of the horse under the stimulus of fear of injury, which might have the effect of rendering their reasonable precautionary measures ineffective, would be to place an unreasonable burden and obligation upon their shoulders.
In view of our finding that defendant has not been guilty of any negligence, it follows that the judgment from which ap-' pealed should be and, accordingly, it is affirmed at appellant’s cost.