GLADNEY, Judge.
The plaintiff, a police officer of Natchi-toches, Louisiana, was attacked and injured by a deer and as a result thereof, sues the defendants for negligently permitting the animal to escape from their custody. The issue so presented was tried before a jury which rendered a verdict in favor of defendants. Plaintiff has appealed.
Although the action is also defended on the alternative grounds of contributory negligence and the doctrine of assumption of risk, the principal issue presented herein is whether, vel non, appellees exercised due care to prevent the escape of the animal. The determination of this question is almost entirely factual and is immediately concerned with the means employed to Securely tether the deer, which we may well assume was known to be inherently dangerous to human beings.
The accident which befell appellant occurred on January 5, 1958, in the early part of the afternoon. Six weeks prior thereto, Leon Mitchell, one of defendants, had obtained possession of an antlered deer with sixteen points. In making this acquisition, he was moved by a desire to exhibit it in the annual Christmas festival for which Natchitoches has received national recognition. During the December celebration the deer was used in a parade and exhibited to the public. While so exhibited defendants hired a guard to prevent possible injury by the animal. Subsequently the deer was placed on a lot near the place of business of the defendant, Natchitoches Locker Plant, Inc.
There the deer was hitched to an iron pipe deeply imbedded in the ground. This was accomplished by means of an eighteen to twenty foot heavy chain attached at one end by a strong snap to a stout leather collar fitted around the neck of the animal. At the other end of the chain there was a similar snap which was connected to a piece of metal welded to the .imbedded pipe. The arrangement allowed the deer to encircle the pipe without the chain getting entangled. The knob on the snap connecting the chain to the piece of metal was removed by Mitchell for the purpose of making the release of the snap more difficult.
On the date above mentioned the deer was reported to the city police as roaming in a residential section of the city and appellant, in company with two other police officers, attempted to recapture the deer which was found dragging the chain attached to its neck. As Briley approached the deer it charged, striking and knocking him to the ground. One of the antlers penetrated his right thigh, causing a deep wound and another caused a penetrating *171 wound under the left armpit. Before the animal was subdued and captured plaintiff also received numerous abrasions, contusions and lacerations of the chest, arms and legs. The injuries necessitated his confinement in a hospital for eight days and thereafter he was disabled for a period of approximately two months. During the period of disability his wages were paid by the city, or its insurer, as also were his hospital and medical expenses.
Appellant in argument and brief relies upon Vredenburg v. Behan, 1881, 33 La.Ann. 627, which action involved the escape of a bear and the subsequent death of the husband of the complainant, caused by an attack of the animal. The cited case appears to be the only reported Louisiana decision involving injuries inflicted by a wild animal which had escaped the custody of its keepers. There are, however, numerous reported decisions involving acts of vicious domesticated animals. In the latter type of cases our jurisprudence has consistently held the court’s ruling should be predicated on Articles 2315, 2316 and 2321 of the LSA-Civil Code. This court, speaking through Judge Hardy, in Willis v. Schuster, 1946, 28 So.2d 518, 521, in considering a suit for injuries sustained as a result of the plaintiff being thrown from a horse rented from a riding academy, took occasion to review our jurisprudence pertinent to the construction and application of Article 2321, and drew this conclusion:
“It is therefore to be seen that the provisions of Roman Law, the holdings of French Courts, as commented upon by Laurent, and the jurisprudence of the Courts of Louisiana are in accord upon certain general principles to the effect that the owner of an animal is liable for damages caused by the animal upon' even a slight showing of negligence on the part of the owner. We think it is also clear that there is at least an inferential distinction in the degree and basis of liability, dependent upon the type and character of animal which has caused the damage * *
In Raziano v. T. J. James & Company, Inc., 1952, 57 So.2d 251, 254, our brother of the Orleans Court of Appeal,, Judge Regan, made this comment upon Article 2321:
“It would, therefore, appear per se that Article 2321 would impose an absolute liability upon the owner of an animal, irrespective of the existence of any ordinance; however, that article has been interpreted as.subject to the negligence or fault requirements of Articles 2315 and 2316 of the Civil Code. Tillman v. Cook, La.App., 1941, 3 So.2d 230. This interpretation is enunciated in Tripani v. Meraux, 1936, 184 La. 66, 165 So. 453, 455, wherein the opinion it is stated ‘although article 2321 of the Civil Code declares, unqualifiedly, that the owner of an animal is answerable for the damage he has done, the interpretation which has been put upon this article, consistently, by this court, is that ' the owner of an animal is liable for damages done by the animal only in cases where the owner was guilty of some fault or negligence in his ownership or possession of the animal.’ A fortiori, the burden of proof is on the owner to show that he was without the slightest fault and did all that was possible to prevent the injury, Bentz v. Page, 115 La. 560, 39 So. 599; Damonte v. Patton, 1907, 118 La. 530, 43 So. 153, 8 L.R.A.,N.S., 209, 118 Am. St.Rep. 384, 10 Ann.Cas. 862; Boudreau v. Louviere, La.App., 1938, 178 So. 173. However, the presumption of fault is a rebuttable one. Mercer v. Marston, 1923, 3 La.App. 97; Matthews v. Gremillion, La.App., 1937, 174 So. 703.”
The legal principles above enunciated have been uniformly adhered to' by our appellate courts, a recent example of which *172 is Thomas v. Wright, 1954, 75 So.2d 559, a decision by this court.
The result in Vredenburg v. Behan, in our opinion, was not predicated on the rule of absolute liability which has prevailed In England since the decision in May vs. Burdett (1846), 9 Q.B. 115 Eng. reprint 1313. Our Supreme Court was therein presented with an issue of contributory negligence which the author of the opinion said would have great force if the act of provoking the bear had been committed by the deceased himself. Vredenburg, the evidence showed, was killed by the bear after the animal broke loose from- his chain when teased by a boy who provoked the animal with his dog. The opinion of the court, therefore, was grounded upon liability by reason of fault, and is not inconsistent with the rulings which assess liability where the defendant fails to carry the burden of proof by showing he was without the slightest fault and did all that was possible to prevent the injury.
Mitchell and two of the police officers testified the snaps, chain, collar, piece of metal and other attachments utilized to fasten the deer were found to be unimpaired after the deer was recaptured. The conclusion is irresistible that the deer did not obtain freedom solely from its own efforts. The most probable inference is that the animal was purposely set free. Officer Ross Desadier testified that shortly before the deer got loose, he noticed on two occasions some boys parked near the deer. This testimony is entitled to some consideration.
The evidence, we find, clearly indicates the appellees exercised every reasonable care and precaution to prevent the animal’s escape. The record does not suggest additional safeguards which forese'eably would have prevented the unfortunate occurrence. Our conclusion is consistent .with the resolution of the case by the jury, in whose verdict we do not find manifest error.
There is no merit in the defenses urged based on pleas of contributory negligence and the “doctrine of assumption of risk.” It was proper for Briley in line of duty to assist in the recapture of the deer to prevent it from possibly harming others, and in so- doing exposure to danger was a risk which had to be taken. There is thus no foundation for the charges of contributory negligence. Appellees do not seriously press the contention made which is in effect that a police officer in the performance of his duties is not entitled to recover damages, for he has assumed the risks incident to his duties. We find the plea to be without merit.
We do not find error in the judgment from which appealed, and, accordingly, it is affirmed at appellant’s cost.