HARDY, Judge.
This suit was instituted by plaintiff, Sims, and his collision insurer, South Texas Lloyd’s, for the recovery of damages to the former’s automobile sustained as the result of a collision with a mule owned by defendant Prior to trial Sims dismissed his suit and 'the case comes before us on appeal by the defendant insurer from a judgment rejecting its demands.
The basis of plaintiff’s claim rests upon the allegations of the petition, sustained by proof on trial, that the automobile driven by the twenty-two year old son of the insured struck the Ainsworth mule at a late hour of the night of October 17, 1958, on-Highway 80. Plaintiffs further alleged that the sole and proximate cause of the collision was attributable to the negligence of Ainsworth, the owner of the mule, in permitting the animal to be at large on the highway in violation of LSA-R.S. 3:2803, which provides that no person owning livestock shall, knowingly, wilfully or negligently permit such stock to roam at large upon the named highways of the State, which included U. S. Highway 80. The cause of action which supports plaintiffs’" demands is found in the provision of LSA-C.C. Article 2321 which makes the owner of an animal answerable for damage it has caused.
*372 The only issue tendered by this appeal requires the factual determination as to whether defendant was negligent in failing to take proper precautions for confining the animal. If the facts justify the conclusion that defendant’s negligence in this respect was responsible for the presence of the mule on the highway in violation of the statute noted, it follows that he would be liable for the resulting damages, under the provisions of the codal article.
The testimony discloses that defendant’s mule was customarily confined in a pasture surrounded by a barbed wire fence and containing the usual fence gap made up of three strands of barbed wire affixed to posts, one of the posts being fastened to the adjacent fence post with a haywire loop, the removal of which permitted the opening of the gap for purposes of ingress and egress. On the night of the accident it appears that the fence gap was broken down in some unexplained manner, permitting the mule to escape from the confines of its pasture and roam at large upon the highway.
After consideration of the evidence, the trial judge found that the pasture fence was substantial; the mule had shown no prior fence-breaking propensities; the gap was adequate for the purpose intended, and the defendant could not foresee that it would be broken down. Our examination of the record has convinced us that the factual conclusions of the district judge were completely justified and no manifest error-is disclosed.
Since it appears that the defendant was free from negligence, it follows that he cannot be held liable for damages; Harris v. Roy, La.App., 108 So.2d 7; Thomas v. Wright, La.App., 75 So.2d 559; Raziano v. T. J. James & Co., La.App., 57 So.2d 251; Willis v. Schuster, La.App., 28 So.2d 518.
Accordingly, the judgment appealed from is affirmed at appellant’s cost.