HOOD, Judge.
Plaintiffs, Mr. and Mrs. Isom Brown, instituted this suit for damages for personal injuries allegedly sustained by them when a pickup truck being driven by Mr. Brown ran into a heifer calf owned by J. J. Olivier. The suit was instituted against Mr. Olivier’s insurer, The Fulton Insurance Company. Judgment was rendered by the trial court in favor of defendant, and plaintiffs have appealed.
*413 The accident occurred at about 10:00 p. m. on Sunday, April 30, 1967, on U.S. Highway 167, a blacktopped thoroughfare in Evangeline Parish. As plaintiff Brown was driving his pickup truck in a northerly direction along that highway, the truck ran into a black heifer calf which was lying in the east, or north-bound lane, of traffic on that highway. The calf had been struck by another vehicle a few minutes before this accident occurred, and it was either dead or badly injured at the time Mr. Brown’s pickup truck approached it.
LSA-R.S. 3:2803 prohibits the owner of livestock from knowingly, willfully or negligently permitting his livestock to roam at large upon certain public highways in this state. U.S. Highway 167 is one of the roads affected by that provision.
Our law is settled that when an automobile strikes a cow on a “stock law” highway, the burden of proof rests upon the owner of the cow to establish that he was not negligent in allowing it to be on the highway at that time. Abshire v. Hoffpauir, 169 So.2d 740 (La.App.3d Cir.1964); Pitcher v. Audubon Insurance Company, 193 So.2d 833 (La.App. 1st Cir. 1967, Writ refused).
The first important issue presented in this case is whether the defendant’s insured, Olivier, was negligent in allowing this black calf to escape from the enclosed pasture and to get on the highway where the accident occurred. The burden of proof rests on defendant to establish that the owner of the calf was free from negligence.
The evidence shows that Olivier owned 387 acres of land located east of and adjoining U.S. Highway 167. He used this entire tract of land as a pasture for his herd of cattle, and he maintained fences around it to prevent the cattle from escaping. The fences around this portion were substantial and were adequate for keeping cattle in the enclosure. Some of the fences were constructed with five strands of barbed wire and the remainder were constructed of three stands of barbed wire plus some hog fencing.
Olivier employed a caretaker and a helper to care for his farm and to inspect and maintain the fences. These employees inspected the fences at least once every weekday, and sometimes twice a day, and they would make any repairs which were needed. The evidence shows that the fences around this pasture were maintained in excellent condition.
After the cow was struck an inspection of the fences around Olivier’s pasture was made and it was discovered that a tree had fallen across the fence at a point on the east side of the pasture, some distance from the place where the accident occurred. A gravel road ran along the east side of the pasture near the place where the tree fell. The trial judge concluded, correctly we think, that the calf involved in this accident escaped from the pasture at the point where the fence was broken down by this fallen tree. After escaping, it apparently walked along the gravel road until it reached U.S. Highway 167, and then it walked along the highway until it reached the point where the accident occurred.
The fences had been inspected and found to be in good condition by the caretaker and helper about mid afternoon on Saturday, April 29. As we have already noted, this accident occurred on Sunday night, April 30. The tree fell, therefore, some time after the fence was inspected on Saturday and before the time the accident occurred. One of Olivier’s two employees testified that “every now and then” a cow would get out of the pasture, but neither of those employees could recall a single incident when a cow owned by Olivier ever got on U. S. Highway 167 or had ever been struck by an atuomobile.
The helper stated that the tree which fell was a “dead tree,” that it was 8 to 12 inch *414 es in diameter and that it “rotted off.” He stated that the tree could be seen from a gravel road which ran along the east side of the pasture, but the record does not show whether a person who observed the tree while it was still standing could reasonably have detected that it was rotten or that it was likely to fall on the fence.
The trial judge concluded that the defendant’s insured exercised reasonable care in inspecting and maintaining the fences and that he was not negligent in failing to cut down or remove the tree before it fell. We agree with the trial court that the evidence is sufficient to overcome the presumption of negligence which existed against Olivier, and that it establishes that the owner of the calf was free from negligence. Since defendant’s insured, Olivier, was free from negligence the trial judge correctly rejected plaintiffs' demands.
For the reasons herein set out the judgment appealed from is affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.