SAVOY, Judge.
This is an action ex delicto filed by plaintiffs, as widow and surviving children of Joseph F. Richard, because of the death of said Joseph, when he was struck by a car driven by defendant, Webster P. Guil-lot. Also named as defendant was the insurer of the Guillot vehicle, Farm Bureau Mutual Insurance Company. After a trial in the district court, judgment was rendered in favor of plaintiffs against defendants. Defendants appealed.
The issues are:
(1) The negligence of Richard
(2) Contributory negligence of Guillot
(3) Is the doctrine of last chance applicable to the present case
(4) Whether Guillot was faced with a sudden emergency so as to absolve him from liability
(5) Quantum
On the morning of January 28, 1972, Richard was notified that several head of cattle owned by him had gotten out of an enclosed pasture. In response to this information, Richard found the cattle and about 8:00 a. m., he was driving that herd of cattle in a southerly direction on the east right of way of Louisiana Highway 107. This is a black top highway with two lanes of traffic.
Richard was contemplating crossing the highway with the cattle to get to his farm which was located on the west side of said highway.
The cattle were moving in a southerly direction, and, at that time, Guillot was driving his car in the same direction. He testified that when he saw the cattle, he was about 160 feet north of them; that the cattle were in a bunch and started to go in an easterly direction; that he slowed his vehicle and suddenly without warning, the cattle darted across the highway. Guillot attempted to apply his brakes but the car jackknifed in a southeasterly direction and struck plaintiff who was on the east side of the highway right of way.
The other eye witness to the accident was Mr. Travis Fletcher. He testified that on the morning of the accident in this case, it had been raining and was misty. He stated he was driving his car at approximately 45 miles per hour in a northerly direction on Louisiana Highway 107; that he saw the Guillot vehicle before he saw the Richard cattle, and at the time he saw the cattle come into view, he was further away from the cattle than Guillot. As the cattle crossed the highway, the Guillot car was facing in a southeasterly direction; that the cattle crossed the highway about 40 feet ahead of Fletcher. He applied his brakes, and his car went momentarily out of control. He ended 15 feet further north than the Guillot vehicle, barely missing the Richard cattle.
In his written reasons for judgment, the district judge found that Louisiana Highway 107 is referred to as a “stock law” highway and that the provisions of LSA-R.S. 3:2803 prohibit a person from know *129 ingly, willfully or negligently permitting said livestock to go at large on said highway. He held that the above statute was not applicable for the reason that the accident occurred in the daytime; that Guil-lot, being a cattleman, should have known the habits and tendencies of cattle; that he should have anticipated the cattle would cross the highway and was negligent in not keeping his car in control under the circumstances surrounding the accident. He also found Richard free from negligence and stated that in flagging Guil-lot prior to the accident, did everything a reasonable man could have done.
Counsel for appellants contend that the court erred in shifting the burden of proof to them.
They cite LSA-R.S. 3:2803, which prohibits the owner of livestock from knowingly, willfully or negligently permitting his livestock to roam at large upon certain highways in the state. Louisiana Highway 107 is one of the roads affected by that provision.
In Brown v. Fulton Insurance Company, 211 So.2d 412 (La.App. 3 Cir. 1968), this court said:
“Our law is well settled that when an automobile strikes a cow on a “stock law” highway, the burden of proof rests on the owner of the cow to establish that he was not negligent in allowing it to be on the highway at that time.” Citations omitted.
In shifting the burden of proof to defendants, the district judge cited the case of Pittman v. Fowler, 191 So.2d 172, decided by this court, as authority for his position. We are of the opinion that the judge erred in shifting the burden of proof to defendants. Pittman did not deal with a “stock law” case. It simply held that where a driver is involved in a collision, and his car is in the wrong lane of traffic at the time of the accident, he is deemed to be at fault, and the burden is on him to exonerate himself from this presumption of negligence. In the cases involving LSA-R.S. 3:2803, the statute specifically places the burden of proof on the livestock owner.
In answer to interrogations propounded by defendants to plaintiffs, they admitted that the Richard cattle had escaped from the enclosure several times during and within a one year period prior to the accident. Mr. Fletcher testified he traveled Louisiana Highway 107 on many occasions. He stated that the Richard pasture fence had loose wire, broken posts, and that it sagged between some of the posts. This testimony was not rebutted. We conclude from the evidence that the district judge committed error in holding that Richard was not negligent in allowing the cattle to escape onto the public highway.
The district judge also stated in his opinion that conceding for purposes of argument, Richard was negligent under LSA-R.S. 3:2803; he should recover under the last clear chance doctrine.
In Deo Gracias v. Collins, 236 So.2d 295, (La.App. 4 Cir. 1970), the court said:
“Before the doctrine of last clear chance can be invoked the litigant relying thereon has the burden of establishing, by a clear preponderance of the evidence, three essential elements: (1) he was in a position of peril of which he was unaware or from which he was unable to extricate himself; (2) the person against whom the doctrine is invoked actually discovered, or by the exercise of reasonable care, caution and observation, should have discovered such position or peril; and (3) when the person against whom the doctrine is invoked discovered or should have discovered the peril he could have avoided the accident by the exercise of reasonable care.” Citations omitted.
The three elements of the doctrine are present in this case: (1) Richard was in a position of peril from which he was *130 unaware and could not extricate himself. He was recovering from a cataract operation and his. vision was not as good as if he had had normal vision. (2) By the exercise of reasonable care, caution and observation, Guillot should have discovered such position of p^ril. (3) Guillot, by keeping his car under proper control, and exercising due care, should have avoided the accident.
The trial judge determined that Guillot was an experienced cattleman and on the date of the accident, the highway was wet and slippery; that when Guillot saw the Richard cattle, he was more than 160 feet away from them, and knowing the possibility that the cattle might cross the highway, should have slowed down and had his car under control. We agree with the district judge. At the time that the cattle were crossing the road, Guillot’s car was headed in a southeasterly direction on the highway. We are of the opinion that by slowing his vehicle when he discovered the accident, he could have avoided the unfortunate incident.
We next consider the matter of quantum.
At the time of his death, Richard was a deputy clerk of court in Rapides Parish, Louisiana, making an annual salary in excess of $11,000.00 per year. He was 59 years of age and in apparent good health. He suffered for three hours from the time of the accident to the time of death. The total award to the widow was $50,000.00. The award was modest. The district judge probably took into consideration, in making his award, that the policy limit on Guillot’s insurance was $25,000.00.
Each major child received an award of $10,000.00, while the minor received $15,000.00.
Counsel for appellees has answered the appeal asking for an increase in the awards. While the awards appear somewhat low, the trial judge is given great discretion in making same. We will not disturb his findings.
For the reasons assigned, the judgment of the district court is affirmed at appellant’s costs.
Affirmed.