MARVIN, Judge.
Plaintiffs insured automobile sustained property damage when it struck a bull of defendant’s minor son during the nighttime on a state highway in a closed range area of Red River Parish. The lower court found the presumption of negligence against defendants had been overcome or successfully rebutted and denied plaintiff’s subrogated demand. We affirm.
The bull in question was two and one-half years old and weighed over 1200 pounds. Defendant’s minor son had raised the animal as a show bull. The evidence shows it was an extremely gentle animal and a virtual pet of the younger defendant. The bull was one of seven bulls kept by defendant in a three-acre pasture which had been used for that purpose for four years.
The pasture was enclosed by a five-strand barbed wire fence which was extremely well maintained. The gate to the pasture was kept chained and secured, but not padlocked. A photograph of the fence shows that some, if not all of the fence posts, are cross-ties or are of similar appearance. None of the bulls had ever escaped or attempted to escape from the pasture before this accident. The other bulls were not out of the pasture on the night of the accident.
Defendant and his minor son were in the pasture at about 3:30 p. m. on the day of the accident. They saw no evidence of any fences being down at that time. They fed the bulls and thereafter the entire family departed to Ruston where the minor son was engaged in a school activity. The accident occurred shortly before the family returned home about 11:30 p. m.
A police officer who went to the scene “walked” the road fence [parallel to the highway] on that night. He testified:
“I found the gate was locked [chained, but not padlocked] and we walked the road fence and we didn’t see anywhere the bull could get out.”
Defendant, Mr. Kimball, inspected the entire enclosure shortly after the accident and he and his minor son again made the same inspection the next morning after daylight. They saw no evidence of where the bull could have gotten out of the pasture. Mr. Kimball stated he had “no idea [of how the bull could have gotten out of the pasture] unless somebody let him out.”
In Womack v. Rhymes, 300 So.2d 226, 230-231 (La.App. 2d Cir. 1974), we summarized principles of law applicable in closed range areas:
*653 “A number of cases arising out of highway accidents involving livestock have expressed the rule as imposing upon the owner of the livestock the burden of freeing himself from negligence by showing that he has taken every precaution expected of a reasonably prudent individual to prevent his livestock from leaving their confines and roaming at large .
“Other cases have expressed the rule as imposing the burden upon the owner of the animal to show when, where and how the animal escaped from its enclosure, that is his freedom from fault, even in the slightest degree .
******
“We conclude the better rule is that the defendant must not only show he has taken all reasonably prudent precautions to enclose his livestock, but must also explain the presence of the livestock on the highway by showing how the animal escaped in order to overcome the presumption of negligence and to prove freedom from fault in the slightest degree [A] general showing of fences in good condition does not negate the possibility of some defect which could have been discovered and remedied by the exercise of reasonable precaution and inspection. The defendant is in the better, and usually sole position to explain how the livestock got out of their enclosure and onto the highway and in the absence of such proof general evidence as to reasonable precautions is not sufficient.” (Citations omitted).
We held there that the presumption had not been overcome, after making this observation about the evidence:
“After the accident the fences were inspected to some extent by the foreman and by [some of defendants] and found to be in generally good condition, except adjacent to soybean or cotton fields where cattle were not pastured. While the fences were in generally good condition, the extent of the inspection and other evidence was not sufficient to negate the possibility of there being some place along the miles of fences where a cow could get out.” 300 So.2d 226, 230.
We adhere to the principle of Womack, but find in this case more adequate inspections of the fence around a three-acre pasture (less than 2,000 linear feet) as opposed to the “miles” of fences there. There was the possibility of a defect there which could have allowed an escape. The evidence here shows no possibility of a defect in the fence which could have allowed an escape. These issues are factual and we find no abuse of discretion below.
Appellant also contends that the owner of the bull should be strictly liable under Holland v. Buckley, 305 So.2d 113 (La.1974), known in legal circles as the dog-bite case. In essence, appellant’s position is that expressed by one of two dissenting justices in Harrington v. Upchurch, 337 So.2d 222 (La.1976), wherein an application for writs was denied.[1]
In our recent case of Flores v. Commercial Union Insurance Co., 337 So.2d 264, 269 (La.App. 2d Cir. 1976), involving an open range area, we dealt with the issue in this fashion:
“It is significant that the legislature has amended LSA-R.S. 3:2803 on numberous occasions, adding thereto additional highways where roaming livestock is prohibited. There were amendments as late as 1975. The legislature is no doubt fully cognizant of the numerous judicial interpretations of its applicability and legal significance. If the legislature desires to apply the rule of strict liability as provided for in the Supreme Court’s interpretation of Civil Code Article 2321 in the Holland decision to accidents involving *654 cattle on the highways of this state, then it could affirmatively do so and it has taken no action in this regard. We decline to exercise this legislative function. “We hold that the decision of Holland and its interpretation of Article 2321 is inapplicable to the instant case.”
At appellants’ cost, judgment below is
AFFIRMED.

. “DIXON, J., dissents from denial. Only if it can be said that a cow darting into highway at night is not a ‘domesticated animal (which) harms another’, can the court hold Holland v. Buckley inapplicable to establish the presumption of fault ‘in the nature of strict liability.’ No statute or other law gave the owner of the cow the right to permit it to go on the highway, nor excused the owner in any way. If we are to have a ‘cow law’ different from ‘dog law’, we should more adequately explain it.”