JJMOORE, J.
The plaintiffs, Bernice Hines and her daughter, Wendi Wadsworth, appeal a summary judgment that dismissed their personal injury claims against Charles Garrett and his insurer, American Central Insurance Company. For the reasons expressed, we affirm.

Procedural Background

Late on the evening of October 1, 2000, the plaintiffs were riding as passengers in an 18-wheeler being driven north on La. Hwy. 1 by Mrs. Hines’s husband. A few miles before they reached the Caddo Parish line, the rig struck cows on the highway. The cows were owned by Charles Garrett, who was leasing a ranch with pastures on both sides of Hwy. 1.
The plaintiffs filed this suit alleging personal injuries, Lejeune damages[1] and loss of consortium. They named as defendants Garrett and his homeowners’ insurer, American Central.[2] They specifically alleged that Garrett failed to comply with R.S. 3:2803, the “stock law,” and failed to maintain adequate garde of his cattle.
The plaintiffs took Garrett’s deposition in April 2002. Garrett testified that he had leased the property, comprising some 789 acres, in February 2000, and moved into the house in April of that year. He found the existing fences were “run down”; not wishing to take any chances, he began putting up all new fences. He hired Juan Andrade to install five-strand barbed-wire fences; he produced invoices totaling over $15,000, |2dated June and July 2000. Garrett testified that by July 2000, the fence around the 220-acre pasture enclosing the farm house on the east side of Hwy. 1 was completed and he began keeping about 50 cattle, including 34 grown cows,[3] in that pasture; he was using no other pastures at the time of the accident. He testified that he visually inspected this fence and his cattle every day. He specifically recalled that between 11:00 a.m. and noon on October 1, a Sunday, he rode the entire perimeter of the fence and found nothing wrong with it. The next morning he received a phone message that some of his cows had got out and caused an accident.
Garrett immediately rode onto the pasture and found that a large oak tree, some 45-60 feet tall and 20" in diameter at the trunk, had fallen over the fence, breaking the top two strands and pushing the rest to the ground. He assumed the cows had gotten out through this opening. He testi *298 fied that the tree did not appear dead, and he was unsure why it fell. He added that the tree was not visible from the house, as it was about a quarter-mile away. He promptly pulled the tree off the fence and repaired the broken barbed wire. He cut up the wood with a chain saw and disposed of it. He took no photographs of the fallen tree and, to his knowledge, nobody else saw it before he removed it; however, he admitted telling three people about it. Because the fence was easily repaired, he filed no insurance claim. He drew a crude map showing the bottom of the fallen tree was inside the fence at a location to the southeast of the house.
|3In June 2002, Garrett moved for summary judgment. Further discovery ensued, including a September 2002 site inspection in which Garrett showed attorneys a stump depression outside the fence and to the northeast of the house. He then gave a second deposition in December 2002, admitting that he had drawn his first map incorrectly; the fallen tree was actually to the northeast of the house. He also explained that because more of the fallen tree landed inside the fence, he had mistakenly replied in the first deposition that it “stood” inside the fence. In point of fact, he now admitted, the tree had actually “stood” outside the new fence, but perhaps inside an older, dilapidated fence. He reiterated that he checked his fences regularly, and that nobody else came out and looked at the fallen tree before he removed it.
The plaintiffs filed nothing in opposition to Garrett’s motion for summary judgment, but at a hearing in February 2003 argued that the depositions created credibility issues sufficient to preclude the judgment. After taking the case under advisement, the district court granted the motion for summary judgment without written reasons, and rendered judgment dismissing all claims against Garrett. The plaintiffs have appealed devolutively.

Applicable Law

A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law.” La. |4C.C.P. art. 966 B. Summary judgment procedure is designed to secure the just, speedy and inexpensive determination of all except certain disallowed actions; the procedure is favored and shall be construed to accomplish these ends. La. C.C.P. art. 966 A(2); Magnon v. Collins, 98-2822 (La.7/7/99), 739 So.2d 191. The burden of proof remains with the mover; however, if the mover will not bear the burden of proof at trial on the matter before the court on the motion for summary judgment, then the mover may merely point out to the court that there is an absence of factual support for one or more elements essential to the plaintiffs claim. The burden then shifts to the non-moving party to present evidence demonstrating that genuine issues of material fact remain. La. C.C.P. art. 966 C(2); Racine v. Moon’s Towing, 2001-2837 (La.5/14/02), 817 So.2d 21; Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606.
Once the burden has shifted, the opponent must produce factual support to avert the summary judgment. If the opponent fails to produce such evidence, summary judgment is mandated. La. C.C.P. art. 966 C(2); Racine v. Moon’s Towing, supra; Garsee v. Bowie, 37,444 (La.App. 2 Cir. 8/20/03), 852 So.2d 1156. Mere speculation is not sufficient; the prospect that a fact finding might discredit the mover’s summary judgment evidence will not defeat a properly supported motion. Babin *299 v. Winn-Dixie La. Inc., 2000-0078 (La.6/30/00), 764 So.2d 37; Garsee v. Bowie, supra. The court in deciding a motion for summary judgment must assume that all affiants are credible. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181 (La.2/29/00), 755 So.2d 226; Garsee v. Bowie, supra.
|kA fact is “material” when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially assure or preclude recovery, affect a litigant’s ultimate success or determine the outcome of the legal dispute. Hardy v. Bowie, supra; Garsee v. Bowie, supra.
Appellate review of the grant or denial of summary judgment is de novo. Ross v. Conoco Inc., 2002-0299 (La.10/15/02), 828 So.2d 546.
The portion of Hwy. 1 involved in this accident is subject to the “stock law,” which provides:
No person owning livestock shall knowingly, willfully or negligently permit his livestock to go at large upon the following public highways of this state: * * * (19) La. 1 Jet. U.S. 190 near Er-winville to Shreveport.
Under this statute, when an automobile strikes a horse or cow on one of the “stock law” highways, the burden of proof rests with the owner of the animal to exculpate himself from “even the slightest degree of negligence.” Ourso v. Grimm, 92-1274 (La.App. 3 Cir. 1/5/94), 630 So.2d 963, writs denied, 94-0346, 0339 (La.3/25/94), 635 So.2d 230, 231; Womack v. Rhymes, 300 So.2d 226 (La.App. 2 Cir.), writ ref'd, 303 So.2d 179 (1974). Nevertheless, the owner of livestock overcomes this burden by showing he took “all reasonable prudent precautions to enclose his livestock [and] explain the presence of the livestock on the highway by showing how the animal escaped.” Hartford Accident & Indemn. Co. v. Kimball, 340 So.2d 651 (La.App. 2 Cir.1976). Routine inspection of a fence adequate to contain the livestock will satisfy this burden. Pitcher v. Audubon Ins. Co., 193 So.2d 833 (La.App. 1 Cir.), writ denied, 250 La. 372, 195 So.2d 645 (1967). A livestock owner who diligently maintains his fence is not liable for cattle that escape because a tree falls on the fence. Brown v. Fulton Ins. Co., 211 So.2d 412 (La.App. 3 Cir.), writ denied, 252 La. 870, 214 So.2d 545 (1968).
The liability of animal owners is regulated by La. C.C. art. 2321, which provides in pertinent part:
The owner of an animal is answerable for the damage caused by the animal. However, he is answerable only for the damage upon a showing that he knew or, in the exercise of reasonable care, should have known that his animal’s behavior would cause damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
Since a 1996 amendment to Art. 2321, strict liability has been abolished for all animal owners except dog owners. Allen v. State Farm Fire & Cas. Co., 36,377 (La.App. 2 Cir. 9/18/02), 828 So.2d 190, writ denied, 2002-2577 (La.12/19/02), 833 So.2d 343. Even prior to the 1996 amendment, the jurisprudence held that a livestock owner’s duties under Art. 2321 were coextensive with those under the “stock law.” Womack v. Rhymes, supra; Hartford Accident & Indem. Co. v. Kimball, supra; Sims v. Ainsworth, 120 So.2d 371 (La.App. 2 Cir.1960).

Discussion

By one assignment of error the plaintiffs urge that genuine issues of material fact and credibility questions remain *300 as to whether Garrett could exonerate himself from the “slightest negligence” as required under Ourso v. Grimm, supra. Specifically, they contend that Garrett gave differing versions of where the tree fell (inside the fence and to the southeast of the 17house versus outside the fence and to the northeast of the house) and that he failed to present any corroborating testimony. Because Garrett’s own account would be the only evidence that he complied with R.S. 3:2803, the plaintiffs submit that his credibility is an issue which can be resolved only by trial on the merits.
On close review, we do not find that the discrepancies in Garrett’s deposition testimony create genuine issues of material fact. As the owner of livestock that damaged the plaintiffs, Garrett had the duty to show his freedom from fault. Ourso v. Grimm, supra. Garrett showed that his five-strand barbed wire fence was only a few months old and had never permitted any cows to escape; he had inspected it almost daily, never finding any defects in it. This satisfied his burden of showing all reasonably prudent precautions to enclose his livestock. Hartford Accident & Indem v. Kimball, supra. He admitted that an apparently healthy tree fell, downing a portion of the fence. This was likely how the cows escaped, but is not negligence on his part. Brown v. Fulton Ins. Co., supra. It is obviously not material whether the tree fell to the northeast or southeast of the farm house. Moreover, Garrett explained that his first description that the tree “stood to the inside of the fence” was wrong; correcting this error does not create a genuine issue of material fact.
The plaintiffs strongly urge that Garrett’s credibility remains an issue. In his first deposition, Garrett named three people whom he had told about the fallen tree, but he said that none of them actually came out and saw it. In his second deposition, he reiterated that to the best of his knowledge, | ¿nobody saw the tree and damaged fence except himself. On these facts, there is absolutely no merit to the plaintiffs’ contention that Garrett should have filed affidavits or depositions from those three persons to corroborate his account of the incident. The prospect that a jury might discredit Garrett’s testimony is inadequate to defeat his properly supported motion. Babin v. Winn-Dixie La., supra. The court was entitled to accept Garrett’s depositions as true. Garsee v. Bowie, supra.
In summary, Garrett presented evidence showing lack of support for an essential element of the plaintiffs’ claim. The burden shifted, but the plaintiffs offered nothing to demonstrate genuine issues of material fact or genuine credibility questions. Upon de novo review, we find that summary judgment was properly granted. The judgment will be affirmed.

Conclusion

For the reasons expressed, the summary judgment is affirmed. The plaintiffs, Bernice Wadsworth Hines and Wendi Wadsworth, are cast with all costs.
AFFIRMED.

. Lejeune v. Rayne Branch Hosp., 556 So.2d 559 (La.1990), and La. C.C. art. 2315.6.

. They also named "OneBeacon Insurance Company,” which never answered and, according to American Central, does not exist; by amended petition, they also named Louisiana Farm Bureau, Garrett’s general liability insurer, which was dismissed by summary judgment and is not the subject of this appeal.

.Garrett responded that by "cattle” he meant "boys, girls and neutered,” and that by "grown cows" he meant female and male adults. Dep., 63.