# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30151
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2017

Lyle W. Cayce
Clerk

BEATRICE DEROUSSELLE,

  Plaintiff - Appellant

v.

WAL-MART LOUISIANA, L.L.C.,

  Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:16-CV-1047

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Beatrice Derousselle appeals from the district court's grant of Defendant-Appellee Wal-Mart Louisiana, L.L.C.'s motion for summary judgment. Because we agree that the evidence does not raise a genuine dispute of material fact on an essential element of her claim, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30151

## I. Background

On the morning of September 26, 2015, Beatrice Derousselle slipped and fell while walking through the "cold-cut" department of a Wal-Mart in Opelousas, Louisiana. She alleges that she was injured by the fall and ensuing impact.

The culprit behind Derousselle's fall was a green grape. The details of the grape's journey to the scene of the accident remain unknown; neither Derousselle nor any Wal-Mart employee could say how or when the grape arrived on the floor of the cold-cut department. Employees for Wal-Mart were also unsure if and when the floor was inspected for spills and other hazards on the morning of the incident.

Derousselle sued Wal-Mart in state court and alleged that Wal-Mart was solely liable for her injuries under Louisiana Revised Statute § 9:2800.6. After removal to federal court based upon diversity jurisdiction, Wal-Mart moved for summary judgment on the ground that Derousselle could not satisfy the notice requirement of § 9:2800.6(B). Specifically, Wal-Mart argued that there was no evidence in the record that the grape was on the floor for some time before Derousselle slipped and fell. Derousselle responded that there were disputes of material fact and that Wal-Mart was liable because of a lack of safety policies and employee training on inspecting the store for spills. The district court agreed with Wal-Mart that Derousselle failed to provide any evidence of "how the grape came to be at the location of the accident" and therefore could not meet the notice requirement of § 9:2800.6(B), rendering Derousselle's arguments about safety policies and employee training irrelevant. The district

No. 17-30151

court granted summary judgment in favor of Wal-Mart, a judgment Derousselle timely appealed.

## II. Standard of Review

We review a grant of summary judgment de novo, applying the same standard applied by the court below. *Martinez v. Tex. Workforce Comm'n-Civil Rights Div.*, 775 F.3d 685, 687 (5th Cir. 2014) (per curiam). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts and evidence are viewed in the light most favorable to the nonmoving party. *Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 531 (5th Cir. 2015).

## III. Discussion

In order to establish merchant liability for a slip and fall in Louisiana, a claimant must prove, inter alia, that:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable[;] (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence[; and] (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

La. Stat. 9:2800.6(B).

Derousselle's appeal turns on the second requirement of § 9:2800.6(B): that the merchant either create the condition or have constructive or actual knowledge of the condition. To demonstrate constructive notice, a claimant must prove "that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care."

No. 17-30151

§ 9:2800.6(C)(1). "The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition." *Id.*

The Louisiana Supreme Court has held that a claimant relying on the constructive notice element of § 9:2800.6(B)(2) "must come forward with *positive evidence* showing that the damage-causing condition existed for *some period of time*, and that such time was sufficient to place the merchant defendant on notice of its existence." *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1082 (La. 1997) (emphasis added).[1] We have echoed this requirement in upholding summary judgment in favor of Louisiana merchants. *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 697 (5th Cir. 2010); *see Duncan v. Wal-Mart La., L.L.C.* --- F.3d ----, 2017 WL 2991234, at *2–3 (5th Cir. July 14, 2017).

The district court properly held that Derousselle failed to meet her burden of providing evidence sufficient to support a factual finding in her favor on the second element of § 9:2800.6(B). There is no evidence in the record demonstrating how the grape got on the floor of the Wal-Mart. Derousselle maintains that, since no one had seen the grape and it is unclear whether Wal-Mart employees inspected the floor in the time leading up the accident, Wal-

---

[1] The leading cases by the Louisiana Supreme Court interpret a prior version of § 9:2800.6 that was subsequently amended in 1996. *See Babin v. Winn-Dixie La., Inc.*, 764 So. 2d 37, 38 (La. 2000) (considering an incident that occurred on February 16, 1996), *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188, 1189 (La. 1999) (considering an incident that occurred on September 15, 1994), *White*, 699 So. 2d at 1082 (considering an incident that occurred on June 3, 1994); *compare* La. Stat. §9:2800.6 (1996), *with* La. Stat. §9:2800.6 (2015). However, the Louisiana Supreme Court appears to have accepted that this interpretation holds true for the modern version of § 9:2800.6, and we see no change that would indicate otherwise. *See Hines v. Garrett*, 876 So. 2d 764, 768 n.2 (La. 2004) (per curiam) (explaining the holding of *Babin* and disagreeing only with the reasoning of the lower court), *rev'g* 865 So. 2d 296 (La. Ct. App. 2004) (considering an incident that occurred on October 1, 2000).

Mart had constructive notice of the hazardous grape.   We disagree. Derousselle, as the claimant, has the burden to bring forth facts demonstrating the existence of the grape on the floor for some period of time.  *White*, 699 So. 2d at 1085.  We have also clarified that:

> In the absence of competent evidence of how long the grapes had been on the floor, *whether [the merchant] conducted sufficient inspections or used reasonable care in maintaining the store is simply not relevant to the issue of constructive notice, i.e.,* whether the hazardous condition had existed long enough that it would have been discovered if [the merchant] had exercised reasonable care.

*Martin v. Kroger Co.*, 273 F.3d 1099, 2001 WL 1070538, at \*3 (5th Cir. 2001) (per curiam) (emphasis added) (unpublished).[2]  Derousselle, therefore, has provided no evidence that Wal-Mart caused the grape to be on the floor or had actual or constructive notice of the grape.

Derousselle also argues that there is a genuine dispute of material fact over "whether a grape remained on the floor."   But Derousselle mischaracterizes a lack of evidence as a genuine dispute.  All of the witnesses agree that Derousselle slipped and fell because of a grape.  No witness, however could say how the grape got to the cold-cut department or how long the grape was on the floor.  This is not a dispute of fact: rather, the absence of evidence prevents Derousselle from demonstrating that Wal-Mart had notice of the grape.  Because there are no disputes of material fact, Derousselle's failure to provide evidence of Wal-Mart's notice of the grape makes summary judgment proper.

AFFIRMED.

---

[2] Although *Martin* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).