[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-13196
Non-Argument Calendar

_____

D.C. Docket No. 6:12-cv-01092-RBD-GJK

RANDEL ROCK,

Plaintiff-Appellant,

versus

BAE SYSTEMS, INC.,
BAE SYSTEMS TECHNOLOGY SOLUTIONS & SERVICES, INC.,

Defendants-Appellees,

CLINT DANIEL STOTT, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 26, 2014)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Randel Rock, appearing pro se, appeals the district court's dismissal of his complaints, which alleged violations of the Interstate Stalking Punishment and Prevention Act ("ISPPA") and the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Ruling in favor of Rock's former employer, BAE,[1] the district court dismissed the ISPPA claim because that statute did not provide for a private right of action, and dismissed the RICO claims because Rock's alleged business or property injuries were not the result of the claimed RICO predicate acts, and thus he lacked standing to sue under RICO. On appeal, Rock challenges both of these conclusions. After thorough review, we affirm.

We review de novo whether a statute provides a private right of action. Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979); Dionne v. Floormasters Enters., 667 F.3d 1199, 1203 (11th Cir. 2012). We also review de novo whether a party has standing to assert a RICO claim. Maiz v. Virani, 253 F.3d 641, 654 (11th Cir. 2001). We review de novo the grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. Ironworkers Local Union 68 v. AstraZeneca Pharm., 634 F.3d 1352, 1359 (11th Cir. 2011). We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff. Id. While courts are to liberally construe pro se pleadings, we are not required to "rewrite an otherwise deficient pleading in order to sustain an action."

---

[1] We refer to BAE Systems, Inc. and its subsidiary company, BAE Systems Technology Solutions & Services, Inc., collectively as "BAE."

GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Ashcroft v. Iqbal, 556 U.S. 662 (2009).

First, we are unpersuaded by Rock's claim that the ISPAA provides a private cause of action.  In answering this question, our "task is limited solely to determining whether Congress intended to create the private right of action asserted."  Touche Ross, 442 U.S. at 568; Thompson v. Thompson, 484 U.S. 174, 179 (1988).  In this context, the Supreme Court has discussed four factors: (1) whether the plaintiff is a member of the class "for whose especial benefit" the statute was enacted; (2) whether there is any indication of "legislative intent, explicit or implicit, either to create such a remedy or to deny one"; (3) whether an implied private remedy is "consistent with the underlying purposes of the legislative scheme"; and (4) whether the cause of action is one "traditionally relegated to state law."  Thompson, 484 U.S. at 179.  However, while these four factors are "relevant," the "central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action."  Touche Ross, 442 U.S. at 575-76; see also Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979) (noting that criminal statutes "rarely" are read to imply a private right of action).

The ISPPA, which is part of the Violence Against Women Act of 1994, provides that a person who travels in interstate commerce with the intent to harass or intimidate another person and who, in the course of such travel, places the

3

victim in reasonable fear of death or serious bodily injury, shall be punished as provided by 18 U.S.C. § 2261(b), which addresses interstate domestic violence, and provides for both imprisonment and fines.  18 U.S.C. §§ 2261A, 2261(b); see Pub. L. No. 103-322, Title IV, 108 Stat. 1796, 1902, 1926-31 (1994).  Under the statute, a court may order, "in addition to any other civil or criminal penalty authorized by law," that a defendant convicted under § 2261A pay restitution to the victim for the full amount of the victim's losses.  18 U.S.C. § 2264(a), (b)(1).

Nevertheless, having carefully reviewed § 2261A, we cannot find anything in its plain language to indicate that it is more than a "bare criminal statute."  See Cort v. Ash, 422 U.S. 66, 80 (1975).  Section 2261 also does not explicitly contain a private right of action, and § 2264's provisions for restitution plainly state that the penalty is "in addition to any other" penalty authorized by law -- thus, neither of these provisions provide for a private right of action either.  Further, there is no evidence from which we can infer that Congress intended to create a private right of action under § 2261A.  The legislative history does not suggest that Congress contemplated a private right of action, and in fact indicates the opposite -- that Congress only intended to aid law enforcement in their criminal investigations and prosecutions.  See H.R. Rep. No. 104-557, at 2-3.  Nor does it appear that Rock, who alleges harassment by his employer, is a member of the protected class for whom § 2261A was especially enacted, namely victims of domestic violence.  See

4

Combating Violence Against Women: Hearing on S. 1729 Before the S. Comm. on the Judiciary, 104th Cong. 3-4, 11-14 (1996); Cort, 422 U.S. at 79. For the same reason, a private right of action would be inconsistent with the underlying purpose of the statute. See H.R. Rep. No. 104-557, at 2-3; Cort, 422 U.S. at 79. In short, there is no basis from which we can or should infer a private right of action, and the district court properly dismissed Rock's claim.

We also find no merit to Rock's claim that he had standing to sue under RICO. RICO provides for civil and criminal liability against persons engaged in "a pattern of racketeering activity." 18 U.S.C. § 1962(c); Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453 (2006). To recover on a civil RICO claim, "the plaintiffs must prove, first, that § 1962 was violated; second, that they were injured in their business or property; and third, that the § 1962 violation caused the injury." Cox v. Adm'r, U.S. Steel & Carnegie, 17 F.3d 1386, 1396 (11th Cir. 1994); see also Williams v. Mohawk Indus., Inc., 465 F.3d 1277, 1282-83 (11th Cir. 2006). In order to show a § 1962 violation, a plaintiff "must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." Williams, 465 F.3d at 1282 (quotations omitted). To show "conduct of an enterprise," a plaintiff must show that an enterprise, which "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity," had a

common goal.    18 U.S.C. § 1961(4); Williams, 465 F.3d at 1283.    A RICO "pattern" is two predicate acts of racketeering within a ten-year period, and "racketeering activity" is any act which is indictable under the list of criminal offenses in 18 U.S.C. § 1961.  See 18 U.S.C. §§ 1961(5); Langford v. Rite Aid of Ala., Inc., 231 F.3d 1308, 1312 (11th Cir. 2000).  This list of criminal offenses includes: obstruction of criminal investigations relating to a violation of federal law, 18 U.S.C. § 1510; intimidating a person in order to prevent his testimony in an official proceeding or prevent the person from informing the police about the commission of a federal offense, 18 U.S.C. § 1512(b); and retaliating against a witness regarding a federal offense by interfering with his lawful employment or livelihood, 18 U.S.C. § 1513(e). Notably, the federal obstruction and witness intimidation claims are only applicable to federal proceedings.  See Green Leaf Nursery v. E.I. DuPont De Nemours & Co., 341 F.3d 1292, 1307 (11th Cir. 2003).

In order to have standing under RICO, a civil plaintiff must show that he suffered business or property injuries as a result of a RICO violation.  See Williams, 465 F.3d at 1287 (stating that this requirement "implicates two concepts: (1) a sufficiently direct injury so that a plaintiff has standing to sue; and (2) proximate cause," and noting that the two concepts have "significant overlap"). Although RICO is to be "read broadly, the injury to business or property limitation on RICO standing has a restrictive significance."  Ironworkers, 634 F.3d at 1361

6

(quotation and citation omitted).  Recovery based on personal injury, including claims of emotional and mental distress, is not cognizable under RICO.  Pilkington v. United Airlines, 112 F.3d 1532, 1536 (11th Cir. 1997).  In evaluating whether a § 1962 violation caused a civil plaintiff's injuries, the "central question . . . is whether the alleged violation led directly to the plaintiff's injuries."  Williams, 465 F.3d at 1287 (quotation omitted).  "[O]ne or more of the predicate acts must not only be the 'but for' cause of the injury, but the proximate cause as well."  Green Leaf, 341 F.3d at 1307; see Anza, 547 U.S. at 456 (2006) (noting that proximate cause requires "some direct relation between the injury asserted and the injurious conduct alleged" (quotation omitted)).  A wrongful act is a proximate cause of injury "if it is a substantial factor in the sequence of responsible causation."  Maiz v. Virani, 253 F.3d 641, 675 (11th Cir. 2001) (citation and quotation omitted).

Here, Rock does not have standing to sue under RICO.  Rock's complaint alleged that his former employer, BAE, conspired to surveil, harass, and intimidate him; defamed him and denied him unemployment benefits; damaged his property; and, in addition to other state law offenses, assaulted him in violation of Florida law.  He alleged that the two predicate acts of racketeering that allowed him to file a civil RICO suit were BAE's attempts to dissuade him from reporting the assaults. He further alleged that his business and property injuries consisted of a destroyed shed, denied unemployment benefits, and lost employment opportunities due to

BAE's defamation. However, based on the contents of the complaint, Rock has failed to allege any predicate acts under RICO, because, among other things, he failed to claim that the obstruction and witness intimidation allegations were related to <u>federal</u> proceedings. See <u>Green Leaf</u>, 341 F.3d at 1307.

Nor has Rock shown or attempted to explain how the injuries were directly and proximately caused by the alleged predicate acts. Instead, he argues that his damages were a "natural and foreseeable consequence" of BAE's actions, which does not meet the requirement that the RICO predicate acts be "a substantial factor in the sequence of responsible causation." See <u>Maiz</u>, 253 F.3d at 675 (citation and quotation omitted). Although Rock relies on <u>Keystone Insurance Co. v. Houghton</u>, a case in which the Third Circuit ruled that civil RICO plaintiffs can rely on predicate acts that form a pattern of racketeering "even though the specific act relied on has not caused direct injury," this "last predicate act" rule was overruled by the Supreme Court. See 863 F.2d 1125, 1131-32 (3d Cir. 1998), <u>overruled by</u> <u>Klehr v. A.O. Smith Corp.</u>, 521 U.S. 179, 186-91 (1997). Accordingly, Rock cannot establish standing based on any claimed injuries proximately caused by BAE's attempts to dissuade him from reporting assaults. See <u>Ironworkers Local</u> <u>Union</u>, 634 F.3d at 1361.[2]

---

[2] We decline to review Rock's arguments that BAE's defamation and wrongful denial of his unemployment benefits constitute RICO predicate acts because he has waived them by raising them for the first time on appeal and then only in his reply brief. See <u>Walker v. Jones</u>, 10

**AFFIRMED.**

--------

F.3d 1569, 1572 (11th Cir. 1994); <u>Lovett v. Ray</u>, 327 F.3d 1181, 1183 (11th Cir. 2003).