# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31223
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2017

Lyle W. Cayce
Clerk

SHAMSEY DUNCAN; CHARLES JOHNSON,

Plaintiffs - Appellants

v.

WAL-MART LOUISIANA, L.L.C., doing business as Wal-Mart Store No. 376;
REDDY ICE CORPORATION,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Shamsey Duncan, a Wal-Mart employee in Bossier City, Louisiana, fell in front of a Reddy Ice freezer at work when Duncan was pregnant. Duncan had a stillbirth the next day, and she and her child's father sued Wal-Mart and Reddy Ice. A magistrate judge in the Western District of Louisiana granted summary judgment in favor of Wal-Mart and Reddy Ice. We affirm.

**I**

On June 7, 2014, Shamsey Duncan, who was pregnant at the time, reported to work at Wal-Mart in Bossier City, Louisiana, where she slipped on a mat in front of a Reddy Ice freezer and fell forward onto the ground. Duncan's

No. 16-31223

"hands w[ere]n't that wet when [she] got up; so [she] c[ould]n't say the top of the rug was wet." But she noticed the mat shifted when she fell, and she saw water "under the mat." Duncan "didn't see any water on the outside of the rug. Just . . . under the mat."

Later that afternoon, Duncan felt unwell and went to a hospital. There, hospital staff said her unborn child had no heartbeat, and they induced labor for Duncan's stillborn baby the next day.

On June 3, 2015, Duncan and her child's father, Charles Johnson, sued Wal-Mart for the wrongful death of their unborn child.[1] Wal-Mart removed the case, and Duncan and Johnson later amended their complaint, adding Reddy Ice as a defendant. The parties consented to have their case heard before a magistrate judge, who took over the litigation on May 18, 2016. Wal-Mart and Reddy Ice both moved for summary judgment, and the magistrate judge granted both motions, explaining:

> Plaintiff did not testify regarding any evidence that a Wal-Mart or Reddy Ice agent or employee actually created the liquid hazard beneath the mat. Plaintiff also has no evidence that Wal-Mart or Reddy Ice had actual or constructive notice of the liquid under the mat. Plaintiff testified that the liquid was completely beneath the mat, so it was not visible to any store employees who might have been in the area. There is not even an indication that an employee could have seen from above that the mat was damp.
>
> . . . .
>
> There is also a complete lack of evidence that the water was present for any period of time during which a reasonable merchant should have discovered the condition. There is nothing but complete speculation regarding how the water got there and how

---

[1] The exclusivity provision of Louisiana Worker's Compensation Act would usually bar an employee's suit for negligence against her employer because the worker's compensation remedy "shall be exclusive of all other rights, remedies, and claims for damages." La. Stat. § 23:1032(A)(1)(a). But the loss of an unborn child is not an "injury" that the Act covers. *Adams v. Denny's Inc.*, 464 So. 2d 876, 877 (La. App. 4 Cir. 1985).

No. 16-31223

long it had been there. . . . "[M]ere speculation or suggestion" is not sufficient to meet the plaintiff's burden on this issue . . . .

Duncan and Johnson timely appealed, arguing only that the district court incorrectly applied Louisiana's merchant liability statute to their negligence claim against Wal-Mart.[2]

## II

We review de novo a grant of summary judgment, applying the same standards as the district court. *Wilson v. Tregre*, 787 F.3d 322, 324-25 (5th Cir. 2015). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a dispute of material fact exists, we view the facts and draw reasonable inferences in the light most favorable to the nonmoving party. *Wilson*, 787 F.3d at 325.

## III

In Louisiana, "every act . . . of man that causes damage to another obliges him by whose fault it happened to repair it." La. Civ. Code art. 2315(A). Under Louisiana's "standard negligence analysis"—the "duty-risk analysis"—a plaintiff must prove five elements: first, that the defendant had a duty to conform his conduct to a specific standard (duty); second, that the defendant's

---

[2] Duncan and Johnson's appellate arguments are limited to their merchant-liability claim against Wal-Mart. They never refer to Reddy Ice in the argument section of their brief and never discuss the standard for general negligence claims against a non-merchant, like Reddy Ice. *See Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So. 3d 656, 663-64 (La. 2015) (explaining that a plaintiff's claims against a merchant are governed by La. Stat. § 9:2800.6, while claims against a non-merchant are governed by Louisiana's general tort provision, Civil Code article 2315). Reddy Ice points all this out in its responsive brief, which Duncan and Johnson do not address in their reply. Accordingly, any argument that the district court erred in granting summary judgment to Reddy Ice has been abandoned. *See* Fed. R. App. 28(a)(8)(A) ("The appellant's . . . argument . . . must contain[] appellant's contentions and the reasons for them[.]"); *In re Deepwater Horizon*, 819 F.3d 190, 194 n.3 (5th Cir. 2016) (deeming an argument abandoned through inadequate briefing).

conduct failed to conform to the appropriate standard (breach); third, that the defendant's substandard conduct was a cause in fact of the plaintiff's injuries (cause in fact); fourth, that the defendant's substandard conduct was a legal cause of the plaintiff's injuries (legal cause); and fifth, that the plaintiff suffered actual damages (damages). *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008) (citing *Lemann v. Essen Lane Daiquiris*, 923 So. 2d 627, 633 (La. 2006)).

For "merchants"[3] like Wal-Mart, however, § 9:2800.6 of the Louisiana Revised Statutes alters this analysis slightly. *See Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So. 3d 656, 662 (La. 2015). Merchants "owe[] a duty . . . to exercise reasonable care to keep [their] aisles, passageways, and floors in a reasonably safe condition," which "includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage." La. Stat. § 9:2800.6(A). When someone sues a merchant for damages "as a result of an injury . . . or loss sustained because of a fall due to a condition existing in or on [the] premise," the plaintiff must prove "in addition to all other elements of [the] cause of action":

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable[;]
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence[; and]
>
> (3) The merchant failed to exercise reasonable care.

§ 9:2800.6(B); *see also Thompson*, 181 So. 3d at 662.

Here, the parties agree the only issue is whether Wal-Mart "created or had actual or constructive notice" that there was water under the mat in front of the Reddy Ice freezer (the unreasonably risky condition) before Duncan

---

[3] A "merchant" is "one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." La. Stat. § 9:2800.6(C)(2).

No. 16-31223

slipped and fell. To prove that a merchant had "constructive notice" of a condition before the injury-causing occurrence, the plaintiff must "prove[] that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care." La. Stat. § 9:2800.6(C)(1). In other words, the plaintiff "must come forward with *positive evidence* showing that the damage-causing condition existed for some period of time, and that such time was sufficient to place the merchant defendant on notice of its existence." *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1082 (La. 1997) (emphasis added). "Though there is no bright line time period . . . [a] claimant who simply shows that the condition existed" without also showing "that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute." *Id.* at 1084.

In Duncan's deposition—the only evidence she and Johnson submitted in support of their claim—she repeatedly explained that she did not know how water developed under the mat on which she slipped. Duncan couldn't say whether water had "somehow leaked or spilled underneath the mat" or whether "something on top of the mat . . . leaked through it." No one at Wal-Mart told her that they knew there was water in that area before she fell, and she didn't know whether water had ever accumulated in that area before. Duncan also said that in the four years she worked at Wal-Mart, she had never heard of the Reddy Ice machine leaking, even though she knew other appliances, like the "Coke machine," leaked.

In their own statement of uncontested facts to the district court, Duncan and Johnson admitted that they have "*no evidence* to explain how the water came to be under the mat nor how long it had been there before her fall."[4]

---

[4] In a single sentence of their reply brief, Duncan and Johnson suggest—for the first time and without supporting citations to the record or any legal authority—that the doctrine of res ipsa loquitor should apply to this case. We do not consider this "argument." *See In re*

No. 16-31223

Without any "positive evidence" that Wal-Mart "created or had actual or constructive notice of the condition which caused the damage," as § 9:2800.6(B)(2) requires, Duncan and Johnson cannot maintain their merchant-liability claim.  *White*, 699 So. 2d at 1082; *accord Williamson v. Wal-Mart Stores, Inc.*, 48,576 (La. App. 2 Cir. 1/8/14), 130 So. 3d 478, 482 ("Failure to prove any of the requirements enumerated in La. R.S. [§] 9:2800.6 will prove fatal to the plaintiff's case.").  Accordingly, the magistrate judge properly granted summary judgment in favor of Wal-Mart.

AFFIRMED.

---

*Deepwater Horizon*, 819 F.3d at 194 n.3 (deeming an argument abandoned through inadequate briefing); *Nunez v. Allstate Ins. Co.*, 604 F.3d 840, 846 (5th Cir. 2010) ("An argument not raised before the district court cannot be asserted for the first time on appeal." (citation omitted)).