# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 5, 2018

Lyle W. Cayce
Clerk

No. 18-30112
Summary Calendar

MELANEE BRYANT,

Plaintiff - Appellant

v.

WAL-MART LOUISIANA, L.L.C.,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:16-CV-1450

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The district court granted summary judgment to Wal-Mart Louisiana,
L.L.C. ("Wal-Mart") on Melanee Bryant's slip-and-fall claim. We AFFIRM.

The facts are simple.[1] Bryant and her friend Barbara Johnson shopped
at Wal-Mart for groceries. She and her friend went to the checkout counter.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

[1] "This court reviews de novo a district court's grant of summary judgment, applying
the same standard as the district court." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th

No. 18-30112

Bryant checked out. Then, while waiting for Johnson to check out, Bryant noticed a candy bar that she wanted to purchase in an adjacent area. As she walked back to get it, she slipped in a clear puddle of liquid and was injured. She sued Wal-Mart under Louisiana's premises liability statute for merchants. *See* LA. STAT. ANN. § 9:2800.6.

The district court correctly granted summary judgment because Bryant failed to provide any evidence of a necessary element: that Wal-Mart either caused the unsafe condition or had actual or constructive knowledge of it. *Id.* § 9:2800.6(B)(2). Bryant argues only that the store employees should have had constructive notice. "To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care." *White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1086 (La. 1997). "Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall." *Id.* at 1084–85.

Bryant failed to provide evidence that showed the "condition existed for some time period" prior to the fall. She asserts that she checked out with her groceries and argues (without citation to any evidence) that no one else was near the area before her fall. So, she argues, the puddle must have existed before she slipped in it. But this is insufficient under *White*. She must show it existed for "some time period" that would create an issue of fact about whether it existed "for such a period that the defendant merchant would have discovered its existence through the exercise of ordinary care." *See Duncan v.*

---

Cir. 2017) (citing *Ford Motor Co. v. Tex. Dep't of Transp.*, 264 F.3d 493, 498 (5th Cir. 2001)). We review all evidence in the light most favorable to Bryant, the non-moving party. *See id.* at 328–29.

No. 18-30112

*Wal-Mart La., L.L.C.*, 863 F.3d 406, 410 (5th Cir. 2017) (affirming summary judgment on similar facts).  She failed to do so.

Bryant alternatively argues that the district court should have made adverse inferences against Wal-Mart because Wal-Mart failed to preserve videos of the store from that time period.  A district court's decision regarding sanctions for spoliation is reviewed for an abuse of discretion.  *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015).  "An adverse inference based on the destruction of potential evidence is predicated on the 'bad conduct' of the defendant."  *King v. Ill. Cent. R.R.*, 337 F.3d 550, 556 (5th Cir. 2003).  That generally requires evidence of "bad faith."  *Id.*  The district court concluded that Wal-Mart did not act in bad faith in deleting videos because (1) none of the videos showed the relevant area where the fall occurred, and (2) Wal-Mart deleted the videos showing other parts of the store pursuant to a standardized retention policy.[2]  We perceive no abuse of discretion in that determination.

AFFIRMED.

---

[2] Bryant argues for the first time on appeal that Wal-Mart's policy is unreasonable and was instituted for the purpose of destroying evidence in litigation.  She has presented no record evidence supporting those accusations.  Regardless, her argument is waived because she has not presented any extraordinary circumstances for not raising the argument with the district court.  *See State Indus. Prod. Corp. v. Beta Tech. Inc.*, 575 F.3d 450, 456 (5th Cir. 2009).