# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-30177
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 7, 2019

Lyle W. Cayce
Clerk

ANDREW GRESSETT,

  Plaintiff–Appellant,

v.

NEW ORLEANS CITY; UNIDENTIFIED PARTIES,

  Defendants–Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:17-CV-16628

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

  Andrew Gressett, proceeding *pro se*, appeals the district court's dismissal of his complaint for failure to state a claim and denial of leave to amend. Gressett alleges that an unidentified New Orleans Police officer made "anti-Trump" and "pro-Black" statements while sitting in an adjacent booth to Gressett at a Waffle House. Gressett further alleges that he was leaving the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30177

Waffle House a month later when the same police officer, "lying in wait," stood in Gressett's way and insulted him while holstering his taser and revolver. Gressett claims that these two incidents made him feel "threatened and intimidated" although he left each time without further incident. Consequently, Gressett sued the police department and the unidentified officer for civil rights violations under § 1983 and for negligence. The district court dismissed Gressett's suit under Federal Rule of Civil Procedure 12(b)(6). 2018 WL 3642008, at *2–3. We agree.

Gressett continues to argue that he states cognizable claims under § 1983 because the officer violated his constitutional rights. *See Tex. Manufactured Hous. Ass'n, Inc. v. City of Nederland*, 101 F.3d 1095, 1106 (5th Cir. 1996) ("Section 1983 affords a private cause of action to any party deprived of a constitutional right under color of state law."). But even under the liberal standard applicable to *pro se* complaints, Gressett alleges no facts that amount to a constitutional violation. *See Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam) ("Even a liberally construed *pro se* civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted."). The officer here did not violate the Fourth Amendment because Gressett freely left both encounters without the officer seizing him. *See United States v. Mendenhall*, 446 U.S. 544, 554 (1980) ([A] person has been seized within the meaning of the Fourth Amendment only if . . . a reasonable person would have believed that he was not free to leave."). Also, while the officer's alleged actions may be unprofessional, they did not violate Gressett's Fourteenth Amendment rights. The officer's aggressive posturing may amount to an "excess of zeal," but they do not constitute an abuse of power that "shocks the conscience." *Petta v. Rivera*, 143 F.3d 895, 902 (5th Cir. 1998).

Gressett's negligence pleadings also fail to state a claim because his complaint only contains oblique references to the police department's and the

2

officer's negligence without outlining the elements for such a claim under Louisiana law. La. Civ. Code art. 2315; *see also Duncan v. Wal-Mart La., L.L.C.*, 863 F.3d 406, 409 (5th Cir. 2017) (explaining that a plaintiff must show that the defendant must conform to a "specific standard" to properly plead a negligence claim). In particular, Gressett's petition does not assert that the officer and the Department failed "to conform [their] conduct to a specific standard." *Lemann v. Essen Lane Daiquiris, Inc.*, 923 So. 2d 627, 633 (La. 2006). With only the bare references to negligence contained within Gressett's petition, the district court properly dismissed this claim under Rule 12(b)(6).

Gressett's proposed amended pleading also does not cure the deficiencies in his claims. In his proposed amended pleading, Gressett adds numerous instances of law enforcement officers satisfying "their sick sense of stalking" by harassing Gressett over the last twenty years. He also specifically alleges violations of 18 U.S.C. § 2261A in addition to his § 1983 and negligence claims. But nothing in the proposed amended complaint describes a Fourth Amendment seizure in violation of § 1983 or specifies the duty defendants allegedly breached.[1] Without more, Gressett's amendments would be futile because nothing in the proposed amendment states a claim for which relief can be granted. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (explaining that a court may deny a party leave to amend if amendment would be futile).

The judgment of the district court is AFFIRMED.

---

[1] Gressett's § 2261A claims are invalid too because the statute does not create a civil cause of action. *Rock v. BAE Sys., Inc.*, 556 F. App'x 869, 871 (11th Cir. 2014) ("[[T]here is no evidence from which we can infer that Congress intended to create a private right of action under § 2261A.").