# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30854
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 2, 2020

Lyle W. Cayce
Clerk

MARGARET MCDONALD,

      Plaintiff - Appellant

v.

BROOKSHIRE GROCERY COMPANY; TRAVELERS INDEMNITY
COMPANY OF CONNECTICUT; ARGEL BUILDING SERVICES,
INCORPORATED; UNITED SPECIALTY INSURANCE COMPANY,

      Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:17-CV-981

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Margaret McDonald alleges that she sustained serious injuries on June 20, 2016, when she slipped and fell on a slippery substance left on the floor of a Brookshire Grocery Company ("Brookshire") store in Jonesboro, Louisiana. She filed a petition for damages on May 26,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30854

2017, against defendants Brookshire, Travelers Indemnity Company of Connecticut ("Travelers"), and Nationwide Building Services, Inc. ("Nationwide")—the company Brookshire contracted with to provide cleaning services. McDonald amended her petition twice: once on March 12, 2018, to name as a defendant Argel Building Services, Inc. ("Argel")—Nationwide's subcontractor—and again on March 5, 2019, to name as a defendant United Specialty Insurance Company ("USIC"). All defendants, at different times and on varying theories, either moved to dismiss for failure to state a claim or requested summary judgment. The district court granted the defendants' motions.[1]

On appeal, McDonald first argues that the district court prematurely granted summary judgment to Nationwide and erred in denying her motion to amend her pleadings a third time to assert a new theory of liability—namely that Nationwide exercised control over its subcontractor, Argel, and was thus liable. We reject both arguments.

Nationwide offered uncontested evidence that it subcontracted with Argel. Louisiana law is clear that a party is not liable for the torts of its subcontractor unless that party retains the right to control the manner of the subcontractor's performance. *See Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So. 3d 656, 665 (La. 2015). McDonald offers no evidence that Nationwide exercised control over the manner in which Argel performed its services. Summary judgment was thus appropriate.

As for McDonald's second argument, nearly three years elapsed between McDonald's alleged injury and her eleventh-hour request to amend her

---

[1] "This court reviews a district court's grant of summary judgment de novo, applying the same legal standards as the district court." *Am. Home Assurance Co. v. United Space All., LLC*, 378 F.3d 482, 486 (5th Cir. 2004). We similarly apply de novo review to a district court's dismissal for failure to state a claim. *Vizaline, L.L.C. v. Sarah Tracy, P.E.*, 949 F.3d 927, 931 (5th Cir. 2020).

No. 19-30854

pleadings. During that window of time, McDonald failed to propound any discovery upon any defendant, let alone Nationwide. Moreover, McDonald has offered nothing to suggest that discovery would reveal that Nationwide negligently hired or exercised control over the manner in which Argel fulfilled its contractual obligations. In the face of such inaction and unsubstantiated assertions, it was proper for the district court to deny McDonald's third request to amend her pleading. *See Crostley v. Lamar Cty.*, 717 F.3d 410, 420 (5th Cir. 2013) ("This court reviews a district court's denial of a motion to amend for abuse of discretion. A district court possesses broad discretion in its decision whether to permit amended complaints." (citation omitted)).

McDonald next asserts that the district court erred when it granted summary judgment to Brookshire. McDonald avers that Brookshire breached its duty as a merchant under La. Stat. § 9:28006, and thus is liable. We disagree.

Section 9:2800.6 imposes liability on a merchant only if "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence." Brookshire did not create the dangerous condition because it contracted out the cleaning of the store floor to Nationwide. McDonald speculates that a Brookshire employee was operating the cleaning machine that caused the hazardous condition. But at the summary judgment stage, mere speculation is insufficient to rebut contrary evidence. *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002) ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."). Further, McDonald presented no evidence establishing that a sufficient time elapsed between the floor cleaning and McDonald's injury such that Brookshire, through the exercise of ordinary care, could have learned that

3

there was a slippery substance on the floor. *See White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1086 (La. 1997) ("To prove constructive notice, the claimant must show that the substance remained on the floor for such a period of time that the defendant merchant would have discovered its existence through the exercise of ordinary care."); *cf. Duncan v. Wal-Mart La., L.L.C.*, 863 F.3d 406, 410 (5th Cir. 2017) ("Without any 'positive evidence' that Wal-Mart 'created or had actual or constructive notice of the condition which caused the damage,' as § 9:2800:6 requires, [the plaintiffs] cannot maintain their merchant-liability claim." (quoting *White*, 699 So. 2d at 1082)). For these reasons, the district court correctly concluded that Brookshire was not liable for McDonald's injuries.

Finally, McDonald contends that the district court erroneously granted, on the basis of prescription, Argel's motion for summary judgment and USIC's motion to dismiss. McDonald does not argue that her claims against these defendants were timely. She instead attests that she neither knew nor could have discovered through reasonable efforts that she had a cause of action against Argel and USIC until she received initial disclosures on October 4, 2017 (for Argel), and August 23, 2018 (for USIC). She thus argues that the doctrine of *contra non valentem* operates to interrupt the prescription period. As with McDonald's other arguments, this one comes up short.

The doctrine of *contra non valentem* is applied only in exceptional circumstances, such as "where [a] cause of action is not known or reasonably knowable by the plaintiff." *Jenkins v. Starns*, 85 So. 3d 612, 623 (La. 2012). McDonald fails to demonstrate that it is warranted here. From June 20, 2016—when McDonald was allegedly injured—to October 4, 2017—the date of Nationwide's initial disclosures—McDonald did nothing to determine which contractor was responsible for the wet floor at Brookshire. Plaintiffs in McDonald's shoes cannot sit on their claims and expect the courts to save them

No. 19-30854

from their lack of diligence; they must use reasonable efforts to investigate which parties might be liable. *See Renfroe v. State ex rel. Dep't of Transp. & Dev.*, 809 So. 2d 947, 953 (La. 2002). McDonald alleges no facts to establish that such reasonable efforts were taken. The district court thus did not err in rejecting McDonald's request to apply the doctrine of *contra non valentem*.

In sum, McDonald has failed to establish any error warranting reversal. We therefore **AFFIRM** the district court's judgments.